Good morning, your honors. We have just a-a brief matter we are putting up to- Sure, do you need a minute to do that? Yes, and there is one that there's a section to. Okay, you want a ruling as to whether or not you can use it? Is that what you're asking? Yes, just to refer to it. All right, so what's the fight over? So, these two, the runoff, there's no fight over, that's the corrective assignment. This is not going to be used for follow-up purposes and very briefly, but- Well, the clock's not running, Mr. Staffney. Tell me what you want to show us here. Well, basically, this just shows the various defendants and the various notices of closures. All right, counsel, what's the problem with that? The problem is, I guess, not to impugn this character, but I've never seen it before. It wasn't used below. I can't verify if any of that stuff is accurate at this point, so- I mean, we're not holding- we're not taking evidence here. We're hearing argument. Is there anything- assuming that it's all argumentative, what's your objection? Well, the only objection I have is I don't know if the statements on there are true. But if it's a biased argument, you can go ahead and- Well, you'll have the opportunity to disabuse us of any misrepresentations. But I haven't before, so I've never seen it. All right, well, your objection's overruled, Mr. Staffney. It's an awful busy chart. If you think that'll help your argument, I'll let you run that risk. Can that fence go down? Yeah, yeah. The clerks can move. Let's just make sure that opposing counsel can see it. Anywhere where opposing counsel and the court can see it. All right. You can shift your chairs around if you'd like to do that so everybody can see. I can see it. Judge Hawkins, is that okay for you? I'm just fine. Okay. Counsel, you good? Yeah. All right. While he's doing that, if you want to lower the podium, there's a little button down there. Now, let's see. That's why we installed it, so it could be raised and lowered as necessary. So, my goal is to reserve seven minutes. I'll do my best to help you. All right. Your Honors, I'd like to just start out with the most basic points. And I think the most basic point is one Mr. Robertson, who is sitting there, made in the very beginning of this case, when he asked for a motion for authority, he asked that the attorneys indicate their authority and provide proof of it. He based it on a Supreme Court decision, Pueblo of Santa Rosa v. Paul, 273 U.S., 315. It continues to be good authority. It was recently cited this year. Counsel, did you cite that case in your brief? We did. Okay. All right. The Second Circuit has said where it is not followed, the result is the case is void. So, he did this in the context of a removal situation. And what happened next was he made factual challenges to the removal. And this court has said in Harris v. Rand, it talked about an evidentiary hearing. And, of course, in the Leite case, it talks about the court should go with the factual questions to a summary judgment proceeding. And, of course, lawyers would not be allowed to give evidence in those kind of proceedings. So, the problem is that the court literally ignored the request for proof of authority in the face of Supreme Court authority, and in the absence of any authority cited on the other side, and actually threatened a sanction, Mr. Robertson. Was he pro se at the time? At that time, yes. Okay. It looked to me like what the court had done was rather than rule first on the motion to remand, it went directly to the motion to dismiss and sort of elided the jurisdictional problem, because once it had granted the dismissal of LSI, then it could, I guess, confidently deny the other two motions. Is that what happened? Well, yes, that's what happened. But this is even a bigger problem from a constitutional point of view. I mean, I don't think you're telling us anything we don't know. Right. No, I understand. The court obviously has to satisfy itself that it has jurisdiction before it starts issuing dispositive rulings in a case. And your challenge is that the court didn't do that, that it solved the problem by getting rid of the one defendant that it had that there may be a real serious problem with. And I think, though, it's very important in these kind of cases, which is indicated by this chart, there's all these groups of defendants because, like, I mean, all these businesses get together, they emerge, they go out of business, and then they all claim to be represented by attorneys. But in this case, we know toward the end, Bank of New York Trust didn't even appear during the summary judgment. And by that time, it actually become an awkward. I mean, there is a need for people. I mean, what Mr. Trumbull was saying about not knowing what's going on, it is true. And if you can't tie these people down, because we know what an attorney's job is, it's to win the case. Well, that's true, but I mean, the court did indicate on the record, and I think you'd agree with this, that as officers of the court, the court can rely on representations counsel make as to who they're representing and whether or not their clients have authorized them to take action. You're not challenging that, are you, in terms of representation as officers of the court? Yes, I'm saying that in this case, there were two different attorneys, actually three, claiming to represent Bank of New York Trust Company. I thought the issue here was place of business and main offices and that sort of thing. Which has to be, I agree with you, has to be established as a matter of fact if a challenge is raised to that, and that's usually done through declarations by a competent declarant who has a basis to know. And I don't think an attorney can do that. I think that that's prohibited. Well, there were declarations filed, were there not, in opposition? There were some, but they were mostly by attorneys. Okay. And I will reserve the rest of my time. Thank you. Oh, all right. Very well. Let's see. Counsel, I think we had issued an order to, yes. Okay. Mr. Talovich? Yes, Your Honor. Good morning, Your Honors, and may it please the court. My name is Pete Talovich, appearing on behalf of LSI Title Agency. I'm here with Fred Burnside. You know Mr. Burnside. I do. You've asked to hear from him second. Yeah. Magnus Anderson for First American and Laurie Hager for Bank of New York Trust Company are here as well. Good morning, counsel. Mr. Talovich, I'll get right to the heart of it. Where is LSI's principal place of business, and how do I find that in the record? LSI's principal place of business is its nerve center, which in its second. No, no, no. This is a geographical question. I understand what the law requires. I want an answer. Where is it? Pennsylvania. Where in the world is Waldo? LSI's principal place of business is in either Pennsylvania or California. Well, wait a second. Principal means one. It doesn't mean multiple. So which is it, and where do I find that in the record? We can only point you to the notice of removal. And let me explain to the court why it uses the term. Its significant operational presence is in these two states. Essentially what we have here is a company that has two good candidates for its nerve center, which is the principal place of business under the Hertz Corp test. It would be difficult in that circumstance under both Rule 11 in the notice of removal and under penalty of perjury in an affidavit to say this is our principal place of business. Well, let me ask you this. I'm assuming that it has officers? Yes. Okay. Where does the president report to work every morning? I'm sorry. It's not in the record, and I don't know. Where does the vice president report to work? I don't know, Your Honor. I'm sorry. Is there a corporate office? There's nothing in the record about its corporate office. Where is that located? At the time, it was at Coropolis, Pennsylvania, but it had significant operational presence in California as well. And there's nothing in the record that tells me that, is there, other than a conclusion that we're either in Pennsylvania or in California. Find us if you can. How did you meet your burden of proof when Mr. Robertson challenged your principal place of business? Isn't the burden on you to establish under the case law? Yes, Your Honor. If we get a declaration from someone who purports to be a vice president, who doesn't bother to tell us where he reports to work every day, which simply says our principal place of business is not in the state of Washington and we're not domiciled there, and the cases say that's not good enough. To answer Your Honor's question, yes, LSI does bear the burden of putting forth sufficient facts for this court to be assured that, number one, it has subject matter jurisdiction, and number two, for the district court to be convinced that there was not a forum defendant. Now for the Court of Appeals to be convinced, because this is a question of subject matter jurisdiction, and if you do not convince us that you have met that burden, then we have one alternative, which is to vacate and remand with directions to the district court to dismiss. We believe that we have a strong argument that the court certainly has jurisdiction, because it knows from stated facts with someone with knowledge, not in a pleading. If you're trying to convince me that that declaration is sufficient to meet it, you're not going to make it there. So what else have you got besides your vice president's declaration? That the LSI's notice of removal, which does set forth uncontroverted facts about its principal place of business being in Illinois, or I'm sorry, I misspoke, its state of incorporation being in Illinois, its facts sufficient to show the nerve center in Pennsylvania or California, because it's difficult in these circumstances to say one or the other. But that should, in our opinion, you're going to have to explain that to me. This is the first time I've ever had a lawyer for a corporation stand up and say, well, we're either here, or we're here, or maybe we're in Illinois. I mean, where are you? I mean, is there some kind of tactical reason why your client doesn't want to admit where its principal place of business is, because it has other litigation that may be impacted by that admission? I have no knowledge of that, Your Honor. What we're trying to do is be candid with the court and resolve the exact issue before the court, which is whether there's jurisdiction. I'm not sure that that answer resolves the question, and I don't mean to be hard on you personally. I've got no quarrel with you. My problem is with the burden that your client had and whether or not it was met, and I don't think that answer meets it. We can only rely on the Finnell Declaration and LSI's uncontroverted notice of removal. We also point out that the majority of objections that Robertson made were to LSI's, that LSI was a Washington defendant, and so together we show. Well, let's talk about that, because there are some inconsistencies in the record with regard to representations to the state commissioner of insurance in Olympia as to a Bellevue location, and I can't tell whether it's a mail drop, whether there's an actual business there. At one point, LSI was a foreign registered agent, and then later they said, no, our principal place of business is in Bellevue, which of course is inconsistent with Pennsylvania, Illinois, and California. What do I do with all that? None of the evidence. The district court looked at the declarations, and it was assured that LSI was not a citizen of Washington. How could the district court make that conclusion? Well, the evidence set forth by Robertson was not probative of whether LSI was a Washington corporation by way of its principal place of business under the Hertz Corp test. But your argument is that when LSI represented to the commissioner of insurance for Washington that its principal place of business was in Bellevue, principal place of business means something different under the insurance law than it means under federal jurisdiction, and that came as a surprise to me. First of all, Your Honor, the statute that governs resident title insurers requires a lawful resident or a lawful business presence. It doesn't say anything about your national nerve center or your state of incorporation. And so what LSI was really setting forth, and in all these documents from the Secretary of State, shows that LSI was saying that it has a presence in Washington. It wasn't saying that it was its nerve center. If I went to that address in Bellevue, what would I find? I don't know, Your Honor. There's nothing in the record about that. You don't know if there are human beings who report for work there or if it's a mailbox's R.S. that's checked every once in a while by somebody? There's nothing in the record about that, and the district court judge just didn't believe that it was relevant, that for a complete different regulatory purpose, LSI. Well, I don't know that the district court said anything at all about that evidence, did it? It listed both of its orders on remand. And to answer one of Your Honor's earlier questions, the LSI dismissal did come before the order of remand, which came shortly after. But the order denying the motion to remand stated that LSI is an Illinois corporation, and so it mentioned it, and it did consider LSI's citizenship in that. And it also stated that the defendants had individually verified their citizenship. And so what was in the record was enough to convince the district court that it had subject matter jurisdiction because LSI had put forth affirmative evidence about its nerve center. It had proven to the district court to its satisfaction that it was diverse. The Hertz Corporation test is that you're a citizen of the state where you're incorporated and where your principal place of business is located. Yes. Did it say anything about nerve center? Well, the Hertz Corp test was interpreting the principal place of business statute that appears in the federal diversity jurisdiction statute. And there was some debate in this court and others as to what that actually meant, whether it was where you had a lot of employees, where you had a lot of operations. They said it's your nerve center. If you notice a removal, why didn't you simply say that your client is incorporated in the state of Illinois? It did, Your Honor. What Judge Tolman's questions are about is the second part of that two-prong test for citizenship, which is what the principal place of business is. Because corporations generally have dual citizenship where there's a state of incorporation is one and to the extent the principal place of business is different, that's the second. And our position, again, is that there's sufficient evidence in the record to show, certainly not in Washington, certainly not in Oregon, by way of specific facts, and that its nerve center is in either Pennsylvania or California. And that's the information that this court can use to find sufficient. Mr. Finnell's declaration doesn't quite say that. I'm looking at ER 238. It says in paragraph 2, LSI Title Agency Inc. is incorporated in Illinois. LSI Title Agency Inc.'s principal place of business, per-en, i.e., its, quote, nerve center, end quote, per-en, is located in neither Oregon nor Washington. Yes. So how does that meet the Hertz test? That, we believe, shows the Hertz test because it gives the court sufficient information that it's acting with diversity and it's acting outside of form defendant. But beyond that. It doesn't tell us where its nerve center is located, does it? The notice of removal separately does that, which was filed around the same time by LSI. And that does actually state it has significant operational presences in Pennsylvania and California. Its principal place of business is not in Washington or Oregon. And so what we're doing there is trying to give the court sufficient information to easily resolve this issue. The issue with defendant was really whether it was a Washington form defendant. And we think that's not true. We also believe that that is, if anything, a procedural defect that, after entry of judgment, doesn't affect this court's jurisdiction under the Caterpillar case. I'm running out of time, and I'd like to give. Well, I want to give some time to your, and I think we probably, unless the panel has any further questions on this one, I think you can sit down now and we'll hear from Mr. Burnside. Thank you, Your Honor. Thank you. Good morning again, Your Honors. Fred Burnside here again representing Chase and Bank One, which merged into Chase. It sounds like Your Honors had some very specific questions because you wanted LSI to go first and Chase to go second. I'm happy to address this. If it's a defect, it's a fatal one to everybody because it would require the district court to vacate its orders and remand to the King County Superior Court. So you mean if LSI's statements about citizenship is defective? If we find that's insufficient and that the district court did not have jurisdiction due to diversity of citizenship, then it seems to me the relief has to be to vacate all the orders that the district court entered, including dismissal of LSI and enter one order, remanding the case to the King County Superior Court, and you're going to have to start all over again. That's not obviously the most efficient use of judicial resources, and I understand Your Honors suggesting we've kind of made... Efficiency's got nothing to do with it. I understand that. Federalism and respecting the rights of the states. At the same time, there are certainly cases we've cited before and some of the cases that are in there that explain that you don't have to look at the citizenship of a nominal defendant or one that is fraudulently enjoined, and one of the tests for fraudulently enjoined is whether or not they could survive a motion to dismiss, and we know they couldn't in this case. And so an alternative argument based on the cases we cited would be that this was a fraudulently enjoined defendant, as evidenced by the motion to dismiss, such that you don't need to look to the citizenship of LSI. So on that score, if Your Honor has any other questions about jurisdiction... No, I think I've got as much information as we're going to get. Yeah, and I think there are certainly cases out there which explain, because Chase removed before LSI removed as well, and I know Your Honor's concern is, look, a final judgment was a jurisdiction, and I've tried to address that. At the same time, Chase removed first, and there are certainly cases under the statute which explain you'll need consent, and what's only relevant is those defendants that have been served at the time of removal. I mean, speaking for myself, we haven't had a chance to conference on this yet. I don't have any problem with the representations on the initial removal. I mean, that's the way we do business, but I do have a concern with regard to LSI. Understood. And, you know, to the extent that we, you know, I think the jurisdiction's been addressed. And so as to the merits, just briefly, you know, I know Plaintiff didn't actually talk about any of these documents, so I'm not really having a chance to respond to what they are. I don't think you have any fear at this point. Yeah, all right. But just on the merits, just briefly, as to Chase and Bank One, you know, the evidence shows Bank One was a trustee of a trust that owned the loan in 2000, and Bank One merged with Chase in 2004. In 2006, Bank of New York took over as trustee, and that ended Chase's involvement and Bank One's involvement altogether. The only other thing that happened was there was an assignment of deed of trust that was then corrected later to explain that it was, in fact, Boney, not Chase. There are no allegations suggesting Chase did anything wrong. And ultimately, you know, what this case subsequently is about is a plaintiff who took title of property subject to an existing lien, wanted to pay off the lien, but didn't like the price he was given. He didn't think he should have to pay principal or interest accruing during that period. And that's not a claim, and certainly not against Chase or Bank One, because the one thing Chase did was to say, here's someone to talk to, and gave him someone to talk to, but he didn't like the price. That doesn't form a basis for liability as to Chase and Bank One. Can we go back to jurisdiction for a minute? Sure. Are we to understand that your reference to principal place of business in the notices of removal means your main office? And if that's so, you know what the law is, so why wouldn't Chase allege its main office? Two responses to that, Your Honor. I mean, one, that was certainly not an issue ever raised below, but I understand the question. And plaintiff alleged principal place of business for Chase in Columbus, Ohio. Certainly, you know, the FDIC's website would confirm that. And here, at page ER433 at footnote 1, and our answering brief at page 3, also note 1, we reference an OCC letter, an official government document, subject to judicial notice, talking about the transfer from Chase to Bank One. And in that document, it expressly states that Chase has a main office in Columbus, Ohio. And so, you know, on this record, is there evidence Chase's main office is in Columbus, Ohio? Yes, there is. Could we have done it better? Certainly, Your Honor. I apologize for that. Do the articles of association indicate where the main office is? Yes. Where is that? Columbus, Ohio. And that's also on the SEC's website, the FDIC's website, you know, all the government websites that regulate banks, of which there are many. The rules are a little different for LLCs, corporations, banking associations. Absolutely, in this amount of time. But it's the LLCs. I don't think there's much dispute that you go upstream, and here it was an ally financial for the LLCs, is the corporation that has Delaware Corporation, principal place of business in Michigan. So thank you, Your Honor. Okay, thank you. Let me just ask Mr. Hager or Ms. Anderson, do you have anything you want to add? I think you understand what the court's concerns are. No, Your Honor. The court's asking any questions specific to the courts of America. I'm prepared to address them. Your Honor, before you do, if you want to ask any questions, please do. Thank you. Anybody want to talk to those counsels? I think not, counsel. Thank you very much. Okay, Mr. Staffney, I think you've got some time left. Your Honor, I just want to address your attention to a Sixth Circuit case, CAMSOFT Data System Inc., I think it's St. Ely's Supply, 756 Bed 3rd, 327, which addresses the point that in order for judicial economy to become a consideration, you actually have to have a trial on the merits. But now what I'd like to do is talk to you a little bit about the case you just cited in your brief. This case was not. I just found it in preparing for oral argument. There's a form to fill out with the clerk if you do that. I sure will. It's just a little slip of paper where you give us the citation. I'm happy to do that. So let's talk a little bit about state law because I think this is one of the reasons why it's not really constitutional in the context of removal. Of course, we know that the removal statute is limited by Article III as well as the Tenth Amendment. And what we deal here with is a statute involving totally the disposition of state law. Two cases, now I will do the same thing, but are U.S. v. Fox, which was affirmed by United States v. Bernison, which says that the area of the core state sovereignty is the disposition of land within its borders unless there's some sort of federal interest. We have no federal interest here. In this case, we have two issues of first impression. We've got a federal court deciding about our law. So we have in our statute, and this statute is cited, RCW 61.24.0401. And it basically requires that any time you have a notice of trustee sale and there's been a change in trustee, that you have to refer back to our land records in order to see who does that. It's the languages that the original beneficiary was and the beneficial interest has been transferred to. So that is a problem here because if you look at this chart, we start out with the transfer to RFC, then it goes to Bank One, then it goes to JPMorgan Chase, then it goes to Boney, and then we don't know where it goes. This is all from Chase's answering brief, page three and four. But then we know that in August of 2010, Chase says, well, we're going to memorialize this. So what they do is they make an assignment to RFRA, which is Residential Funding Real Estate Holdings. But the problem, of course, is you'll see this corrective assignment says that that was never really true. So when LSI was beginning, and when FAT was doing the last two trustee sales and issued the notice of trustee sales, they were doing so in the absence of a beneficiary and that's admitted here to you with their correct... What does any of this have to do with whether the case was properly removed to the United States District Court? It doesn't. So I'll stop there. I'll just say that there is a question. Bobond won 309P2nd at 636, which is cited... Here's my next problem. You didn't raise this in your opening argument. The entire responsive argument was addressed to removal. No, actually... Idled in rebuttal argument to bring up something... Oh, are you talking... Talking to you. No, I understand. And you're talking about my argument here and not the briefing. I believe so because I talked about the constitutional basis for removal. And I can make the point a lot simpler. I can say that there are two issues of state law standing and with regard to whether or not the assignments are required and, if so, whether they still have to be correct. And that that is something that a federal court should not get involved... which the district court has invoked in other similar cases, and that is to certify questions to the Washington Supreme Court if we're not confident that we can answer them based on existing state precedent. Sure, and that is one of the things that we've appealed in this case. I mean, is your pitch here that we ought to send this thing back to state court because federal courts are not competent to adjudicate these issues? Is that what you're telling us? No, what I'm basically saying are these are complex areas of state law. The court conducted no evidentiary hearing to even determine whether it should be removed. That under these circumstances, this does not indicate the court appreciates the nature of the federal system. Now I'm confused. Do you want us to remand this matter to the district court and ask the district court to conduct an evidentiary hearing on removal? No, we would prefer that it simply be... Well, that is an option. I thought you were just arguing for that. No, I'm not arguing for that. What I'm arguing for, and I'm sorry I may not be very eloquent or very precise, what I'm saying is that if you look at the more recent removal statutes, like CAFA and those other things, they actually take into account different policies. But those policies, like in the Mesa case, when the Supreme... But this is just a garden variety removal question. I mean, this is not a class action subject to a special statute. I mean, there is a statute that governs it, but it's just pure diversity of citizenship, is it not? Right, it is. You're not worrying about quantifying claims and trying to figure out whether you can aggregate them to 5 million or whatever? I mean, CAFA's got its own problems, and fortunately they're not here. Absolutely. And all I'm trying to say is that this is in an area of core state sovereignty. So, like, in your livelihood... And you're making that argument in large measure on the fact that it's a piece of real estate located in South King County. Right. And we're trying to acquire title to it. And lively oats used... I think we get that. Okay. We don't really get to choose this. We may agree with you that Washington courts would be better suited to decide it, but if we have jurisdiction, we have jurisdiction, and we go forward. I understand. If it turns out that all of these parties actually are diverse, if we remand it and say to the district judge, you didn't do this right, so you should have a hearing on it, and it turns out they are diverse, then can they go forward? What's your position, that it has to be dismissed or that it's procedural and that it can be corrected? No. My position is that it's constitutional. I am aware of some authority that would hold it's procedural, but I believe it goes to subject matter jurisdiction. Okay. And this may be a first. Unless the court has any more. I think we've pretty well exhausted the issue. Thank you very much. Thank you, Your Honor. Thank you, all counsel. The case just argued is submitted.
judges: Hawkins, Tallman, Lefkow